IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 97-CR-178 -GKF |
| v. ) | |
| ) | |
| MARRICCO ALONZO SYKES, ) | |
| ) | |
| Defendant. ) | |

**O P I N I O N  A N D  O R D E R**

This is a 28 U.S.C. §2255 habeas corpus action. Before the court is the United States' Motion to Dismiss [Doc. No. 108], in which the government argues petitioner Marricco Alonzo Sykes' Section 2255 motion was not timely filed. For the reasons set forth below, the government's motion is granted.

Petitioner pleaded guilty to two counts of a five-count indictment on February 18, 1998. [Doc. No. 16]. On May 18, 1998, petitioner's attorney submitted an expert witness report regarding petitioner's then "current psychological and emotional status that could be of value to the Court. [Doc. No. 13 at 1]. On May 21, 1998, petitioner was sentenced to 220 months imprisonment on May 21, 1998 [Doc. No. 16]. The judgment was entered against petitioner on May 27, 1998. [*Id.*]

Petitioner did not appeal his conviction or sentence. On June 17, 2009, he filed his Section 2255 motion, challenging his arrest, conviction and sentencing. [Doc. No. 98]. The United States filed its Motion to Dismiss on July 13, 2009 [Doc. No. 108], arguing petitioner's Section 2255 motion was not timely filed. Petitioner did not respond to the motion.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year

limitation period for habeas corpus petitions as follows.

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. §2255(f). A conviction becomes final when the time for an appeal has expired. *United States v. Hurst,* 322 F.3d 1256, 1259 (10th Cir. 2003). When a defendant does not pursue a direct appeal, the one-year statute of limitations for a Section 2255 motion starts after the time for filing an appeal expires. *United States v. Smith,* 65 Fed.Appx. 201, 202 (10th Cir. 2003) (unpublished).

Petitioner's Section 2255 motion was filed more than 11 years after judgment was entered against him. Nevertheless, petitioner alleged in his motion that he should be permitted to proceed because the one-year limitation is not jurisdictional, because he was innocent and because he was hampered by an undiagnosed mental illness until recently. [Doc. No. 98, pp.3-4 of 42].

Petitioner is correct that the one-year limitation is not jurisdictional but subject to equitable tolling. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). "However, this equitable remedy is only available when an inmate diligently pursues his claims and

demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id.* Equitable tolling applies only in "rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). A habeas petitioner has the burden of proof concerning equitable tolling. *Alexander v. Cockrell,* 294 F.3d 626 (5th Cir. 2002).

In his Section 2255 motion, petitioner contends:

> The Plaintiff is actually innocent and totally guiltless of the past allegations that brought about his federal sentence and with this very motion withdraws his Plea Agreement Statement he made to the guilt of the crime claiming he was under mental mis-diagnosis and social class and racial prejudice as someone the city of Tulsa and the FBI did not want on the streets in Tulsa and was wrongly coerced and threatened into entering the plea of guilty and furthermore the plea was not made knowingly or voluntarily, despite the plea under no question, (at plea trial.) being supported by the Plaintiff's own statements.

[Doc. No. 98, p. 5 of 42].

The Tenth Circuit has recognized an exception to the one-year limit where habeas petitioners have supplemented their constitutional claims with "a colorable showing of factual innocence." *Batrez Gradiz v. Gonzalez,* 490 F.3d 1206, 1209 (10nth Cir. 2007).

> The inquiry must focus on actual or factual innocence as opposed to legal innocence. To establish actual innocence, appellants must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.

*Id.* at 1209-10 (citations omitted). Here, petitioner has alleged his innocence, but has offered no evidence or facts to support a claim of actual innocence. Therefore, his claim of innocence is insufficient to justify equitable tolling.

Regarding the mental illness, petitioner states:

> Furthermore, the Plaintiff claims since there as been a newly found and made scientific determination on the government's and his part on awareness of a mental illness diagnosis and currently now under treatment mental sickness, (that during the government trial and for almost 13 years after sentencing

3

> was undetermined.) no reasonable diligence could've been made by the
> Plaintiff without his current treatment to fully allow him or anyone to
> be able to correct, (what he now recognizes today through his successful
> treatment.) the harm, delay and he unconstitutional miscarriage of justice
> and the breach and fundamental errors in his arrest, trial and imprisonment.

[*Id.,* p. 4 of 42]. Petitioner included in his motion a form titled "Bureau of Prisons Health Services Clinical Encounter" dated June 3, 2009, in which he is described as having "Schizoaffective disorder" and "Antisocial personality disorder" as of November 10, 2008. [*Id.,* p. 17 of 42]. The form indicates defendant was prescribed Haloperidol for treatment. [*Id.*]. Petitioner also attached a form titled "Inmate History ADM-REL," which appears to be a partial record of his history in federal prison. [*Id.,* p. 18 of 42]. Petitioner contends the document shows he was admitted to the MCFP Springfield Prison for mental evaluation and diagnosis. [*Id.*]. The form itself does not indicate why petitioner was transferred to the facility and it is unclear to the court how long he was there, although the period of confinement appears to have occurred sometime between August 28, 2006, and April 30, 2008. Petitioner also submits a "Patient Medication Information" printout for Haloperidol with an issue date of October 1, 2008. [*Id.,* p. 19 of 42].

Equitable tolling of a limitations period based on mental incapacity is warranted only in "exceptional circumstances." *Reupert v. Workman,* No. 01-6440, 45 Fed.Appx. 852, 854 (10th Cir. Sept. 3, 2202) (unpublished) (citing *Biester v. Midwester Health Serv., Inc.,* 77 F.3d 1264, 1268 (10th Cir. 1996)). Such exceptional circumstances include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not "capable of pursuing his own claim" because of mental incapacity. *Id.* If a litigant is capable of pursuing legal remedies during the relevant time period, equitable tolling based upon mental

incapacity is not appropriate. *Biester,* 77 F.3d at 1268.

The Clinical Encounter form indicates petitioner has, within in the past two to three years, been evaluated and treated for mental disorders. However, there is no evidence he has been adjudicated incompetent. The ADM-REL form is not sufficient to show he was institutionalized for a mental disorder and in any event, indicates at most that he was at the Springfield facility for an indeterminate period of time many years after his conviction. He has presented no evidence establishing that from the time of his plea, conviction and sentencing until the filing of his habeas petition some 11 years later he was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus. Therefore, the court rejects petitioner's claim that one-year statute of limitations should be tolled based on his mental illness.

Petitioner has failed to meet his burden of showing his failure to timely file his petition was justified by "extraordinary circumstances beyond his control." *See Marsh, supra.* Therefore, the government's Motion to Dismiss [Doc. No. 108] is granted.

ENTERED this 22nd day of September, 2009.

*[signature]*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma